NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 24 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10315 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00561-WHA |
| v. | |
| MICHAEL STEVEN BANUELOS, a.k.a. Ferrari Mike, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted February 17, 2015[**]

Before:      O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Michael Steven Banuelos appeals from the district court's judgment and

challenges the 78-month sentence imposed following his guilty-plea conviction for

wire fraud, in violation of 18 U.S.C. § 1343.   We have jurisdiction under 28

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291, and we affirm.

Banuelos contends that the district court (1) procedurally erred by according excessive weight to factors that were already incorporated into the Guidelines range, and (2) procedurally erred and violated Banuelos's right to due process by considering clearly erroneous and unreliable facts from a victim impact statement. These claims fail. The court did not err by varying upward based upon its determination that the Guidelines range did not adequately account for the egregiousness of Banuelos's conduct. *See United States v. Christensen*, 732 F.3d 1094, 1100-01 (9th Cir. 2013) (court may vary upward based on factors already incorporated into the Guidelines calculations). Further, insofar as the district court considered the victim impact statement, the court did not err because Banuelos has not shown that the statement was false or unreliable. *See id.* at 1104-06 & n.2.

Banuelos next contends that his sentence is substantively unreasonable in light of the mitigating factors and the parties' joint request for a within-Guidelines sentence. The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the nature of the offense. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**

13-10315